Joseph P. Kuszynski, J.
The above-entitled matter was heard before me, without a jury, on December 1, 1959 and on February 23, 1960.
Plaintiff, Domestic Finance Corporation, loaned $500 to one, Arthur De Luca, and accepted a chattel mortgage, dated Jan- *154 nary 30, 1958 on De Luca’s 1957 Buick. Thereafter, a true copy of said chattel mortgage was filed on February 4, 1958 in the City Clerk’s office of the City of Miagara Falls, Mew York. Subsequently, De Luca traded said 1957 Buick automobile to defendant, Tmney Cadillac Corporation, on the purchase of a 1958 Cadillac, without paying the amount due to plaintiff and secured by the chattel mortgage in the amount of $325.02. The 1958 Cadillac became an object of notoriety as it was involved in the still-unsolved slaying of De Luca prior to the commencement of this action.
Defendant objected on trial to the admissibility of testimony between an officer of plaintiff corporation and the deceased mortgagor, De Luca, under section 347 of the Civil Practice Act. The objection is without substance, as exempted from the prohibitions of section 347 of the Civil Practice Act are conversations of banking officials with decedents pertaining to banking transactions.
Defendant placed into issue the residence of the deceased, De Luca, which is of primary importance as residence affects the location of the public office where the chattel mortgage must be filed. Section 232 of the Lien Law states unequivocally that all chattel mortgages must be filed in the City or Town Clerk’s office unless there is a County Clerk’s office in such city or town, in which casé it must be .filed therein.
Defendant argued that the street address on the photostatic copy of De Luca’s ownership certificate was mutilated. There is, however, no such mutilation or erasure on the copy of the chattel .mortgage filed in the City Clerk’s office in Miagara Faffs, Mew York. “It is incumbent upon the chattel mortgagee to inquire and determine the actual residence of one who is about to execute a chattel mortgage on personal property.” (Winters v. Municipal Capital Corp., 26 F. Sup. 330; Matter of Steiner. 245 F. 880.)
I find that the proof, as adduced on trial and by exhibit, of the ownership certificate, though mutilated, was sufficient since of primary importance is the city or the town where the chattel mortgagor resides and not the actual street. Plaintiff’s exhibit, inconclusive as to the street address, was conclusive as to the city of the chattel mortgagor’s residence, to wit, Miagara Faffs; and, thus, the proof was in substantial compliance with this requirement.
It is defendant’s contention that a chattel mortgage executed by a resident of the City of Miagara Faffs, in order to be a valid chattel mortgage, must be filed in the so-called County Clerk’s office in Miagara Falls and not in the City Clerk’s office under *155 section 232 of the Lien Law and, since the defendant searched the records of the County Clerk in Niagara Falls and has not found any chattel mortgage on record in said office, the chattel mortgage upon the 1957 Buick owned by Arthur De Luca was void as to defendant since the defendant corporation did not have proper notice pursuant to article 10 of the Lien Law.
The question presented is a novel one and peculiar perhaps only to the City of Niagara Falls, for Niagara Falls has what is commonly known as a branch County Clerk’s office. Each of New York State’s 62 counties came into existence by an act or acts of the Legislature which defined its boundaries and designated a city or town as the seat of the county. The County Clerk’s office in the County of Niagara, where the City of Niagara Falls is situate, is in the City of Lockport by designation of the New York State Legislature.
The branch County Clerk’s office in the City of Niagara Falls, which defendant claims is the proper public office under section 232 of the Lien Law for filing of chattel mortgages of mortgagors who are residents of the City of Niagara Falls, I take judicial notice of within the limitations of section 344-a of the Civil Practice Act, was established by a resolution of the Board of Supervisors of Niagara County in 1926, for the purpose of facilitating the issuance of automobile license plates to the residents of the City of Niagara Falls. Subsequently, the services of the personnel of this office were extended, although not originally contemplated, for the transmittal and delivery of documents for filing and recording purposes to the Lockport County Clerk’s office. No document, however, delivered to the Niagara Falls County Clerk’s office is filed or recorded until it is entered in the Lockport office. A similar arrangement, to wit, a branch office of similar purport, has been established in the City of North Tonawanda recently.
I hold that Niagara County has only one County Clerk’s office within the provisions and meaning of section 232 of the Lien Law and that is the office established by an act of the Legislature, to wit, Lockport. The Niagara Falls branch office, being a creation of the Board of Supervisors under local law, is not a “ County Clerk’s Office” within the intention and meaning of section 232 of the Lien Law.
Defendant’s claim of diligence in searching the records of the office of the County Clerk in the branch office in Niagara Falls is incompatible with the fact that there is no register or index for the listing of chattel mortgages as required of a public office under section 233 of the Lien Law. This fact alone, a lack of an index in the Niagara Falls branch County Clerk’s *156 office, should have placed defendant on notice that it was conducting its search in the wrong public office.
The plaintiff has filed the chattel mortgage, executed by Arthur De Luca, a resident of the City of Niagara Falls, in the City Clerk’s office of the City of Niagara Falls; the same, I hold, was properly filed in accordance with section 232 of the Lien Law and defendant corporation, in accepting in trade the chatteled 1957 Buick automobile from De Luca, accepted his title to same, subject to the chattel mortgage held by the plaintiff. Accordingly, judgment is to be entered in favor of the plaintiff, Domestic Finance Corporation, as prayed.